| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------ X<br>TRUSTEES FOR THE MASON TENDERS<br>COUNCIL WELFARE FUND, ANNUITY<br>FUND AND TRAINING PROGRAM FUND,<br>JOHN V. VIRGA in his fiduciary capacity as<br>Director, and ROBERT BONANZA, as Business<br>Manager of the Mason Tenders District Council<br>of Greater New York,<br><br>                        Plaintiffs,<br><br>                    -v-<br><br>SMALLS ELECTRICAL CONSTRUCTION,<br>INC.,<br><br>                        Defendant.<br>------------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: September 19, 2017<br><br><br>17-cv-3792 (KBF)<br><br>MEMORANDUM<br>OPINION & ORDER |

KATHERINE B. FORREST, District Judge:

     Before the Court is plaintiffs' motion to confirm an arbitration award against defendant in the amount of $19,617.91. (ECF No. 12.) Despite ample opportunity to do so, defendant has not responded, moved against, or otherwise responded to plaintiffs' initial complaint or motion to confirm. Accordingly, the Court treats plaintiffs' motion as an unopposed motion for summary judgment. For the reasons explained below, the Court hereby GRANTS plaintiffs' motion to confirm the arbitration award.

I.    BACKGROUND

     Plaintiffs are: (1) trustees of employee benefit and multi-employer management trust funds (the "Funds") organized and operated under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3), (37)(A); and (2) a labor union organized under Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  (Compl. ¶¶ 1-2, ECF No. 1.)  Defendant is a New York corporation and party to a Collective Bargaining Agreement ("CBA"), Project Labor Agreement ("PLA"), and multiple trust agreements (the "trust agreements") (collectively, "the agreements") with plaintiffs.  (Compl. ¶¶ 3, 6.)  Pursuant to the agreements, defendant is required to make contributions to the Funds at predetermined rates and times.  (Compl. ¶¶ 7-8, 10.)  Subject to those contributions, the Funds then provide benefits to eligible employees.  (Compl. ¶ 1.)

The instant action concerns whether defendant has made the required contributions.  On February 4, 2016 and March 1, 2016, the Funds served a "Notice and Demand for Arbitration" on defendant, requesting arbitration to determine whether defendant made the required contributions.  (Decl. of Haluk Savci in Supp. of Pls.' Mot. for Confirmation and Enforcement ("Savci Decl.") ¶ 17, ECF No. 14.)  An arbitration hearing was held before Joseph Harris on May 16, 2016, but defendant did not appear.  (Savci Decl. ¶ 18.)  Based on the evidence produced by plaintiffs at that hearing, the arbitrator found in favor of the plaintiffs in the amount of $19, 617.91.  (Savci Decl. ¶ 21.)

On May 19, 2017, plaintiffs filed the instant action pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Defendant was served on May 22, 2017, but has not appeared.  On June 9, 2017, plaintiffs requested leave to file a motion for confirmation and default judgement.  (ECF No.

7.) The Court denied that request, instead directing plaintiffs to submit a proposed briefing schedule. (ECF No. 8.) The plaintiffs proposed a briefing schedule on June 23, 2017 (ECF No. 9), and timely filed a motion for confirmation and enforcement of the arbitration award on July 13, 2017. (ECF No. 12.) Defendant's response in opposition was due not later than July 28, 2017. (ECF No. 10.) Defefendant has not filed a response.

## II. LEGAL PRINCIPLES

### a. Confirmation of arbitration award

The Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Because "[a] motion to confirm . . . an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself . . . the judgement the court enters should be based on the record." Id. Accordingly, an unopposed motion to confirm an arbitration award and accompanying record should be treated "as akin to a motion for summary judgment based on the movant's submissions." Id.

It is well-established that "judicial review of an arbitration award is narrowly limited." Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 120 (2d Cir. 1991); see also Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2068 (2013) ("Under the FAA, courts may vacate an arbitrator's decision only in very unusual circumstances.") (internal quotation omitted). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a

3

final arbitration award a judgment of the court[.]'" D.H. Blair, 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). An award can only be vacated when one of four circumstances is found to exist, namely: (1) the award was procured by corruption or fraud; (2) the arbitrator was partial or corrupt; (3) the arbitrator engaged in misconduct resulting in prejudice; or (4) the arbitrator exceeded his powers. Barbier, 948 F.2d at 120-21; 9 U.S.C. § 10.

    b. Summary judgment

Summary judgment may be granted when a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing a motion for summary judgment, the Court construes all evidence in the light most favorable to the nonmoving party, and draws all inferences and resolves all ambiguities in its favor. Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). The Court's role is to determine whether there are any triable issues of material fact, not to weigh the evidence or resolve any factual disputes. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

A court may not grant summary judgment merely because a motion is unopposed. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004); see also Fed. R. Civ. P. 56(e) (stating that when a non-moving party fails to oppose a summary judgment motion, "summary judgment, if

4

appropriate, shall be entered against" him) (emphasis added). Instead, the Court must examine record to determine if the moving party "has met its burden of demonstrating that no material issue of fact remains for trial." See Vermont Teddy Bear, 373 F.3d at 244 (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)). Even an unopposed motion for summary judgment fails "where the undisputed facts fail to 'show that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)).

III. DISCUSSION

Plaintiffs filed the instant motion to confirm an arbitration award on July 13, 2017 (ECF No. 12), and defendant's opposition was due not later than July 28, 2017. (ECF No. 10.) Because defendant has not filed an opposition or otherwise responded or appeared in this action, plaintiffs' motion to confirm is properly considered as an unopposed motion for summary judgment.[1] See D.H. Blair, 462 F.3d at 109.

Based on its review of plaintiffs' motion and the accompanying record, the Court concludes that there are no triable issues of material fact, and that plaintiffs are entitled to judgment as a matter of law. Plaintiff has submitted evidence that (1) defendant is bound by the terms of the agreements (Savci Decl., Ex. 1, 2, 5); (2) the agreements provide for arbitration of disputes regarding an employer's contributions to the funds (Savci Decl., Ex. 2, 3, 5); (3) plaintiffs twice requested

---

[1] The Court additionally notes that the defendant did not appear during the underlying arbitration. (Savci Decl. ¶ 18.)

5

arbitration concerning defendant's contributions (Savci Decl., Ex. 5); (4) an arbitration hearing was held on May 16, 2016 (Savci Decl., Ex. 5); and (5) the arbitrator issued an award in favor of plaintiffs in the amount of $19,617.91 (Savci Decl., Ex. 5). There is absolutely no evidence that the arbitrator's award was the result of fraud, corruption, misconduct, or any of the other impermissible grounds set out in 9 U.S.C. § 10. Accordingly, the arbitrator's award is confirmed.

IV. CONCLUSION

For the reasons stated above, plaintiffs' motion to confirm the arbitration award (ECF No. 12) is GRANTED.

The Clerk of Court is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $19,617.91 and to terminate the action.

SO ORDERED.

Dated: New York, New York
September 19, 2017

_____
KATHERINE B. FORREST
United States District Judge